UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERMAINE LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 4:13CV370RWS |
| THE METROPOLITAN POLICE ) | |
| DEPARTMENT, CITY OF ST. LOUIS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS MISSOURI STATE HIGHWAY PATROL AND SGT. HOFFMAN'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Missouri State Highway Patrol and Sergeant Philip Hoffman, by and through counsel, submit as follows in support of their motion to dismiss:

### I. Introduction

Plaintiff Jermaine Lacy filed this lawsuit against the St. Louis Metropolitan Police Department Board of Police Commissioners, Charles Proctor, Missouri Highway Patrol, Sergeant Philip Hoffman, Casino One Corporation d/b/a Lumiere Place Casino & Hotels, and Charles Mellor related to his arrest occurring on July 5, 2012 at Lumiere Casino in St. Louis, Missouri. Doc. 23. In his Second Amended Complaint, Plaintiff brings § 1983 claims against Hoffman for excessive use of force, breach of duty to

1

protect, and deprivation of free speech. Doc. 23 at 14-16, 18-20. Plaintiff also brings state law claims against Hoffman and Missouri State Highway Patrol for assault, battery, and civil conspiracy to commit assault and battery. Doc. 23 at 21-23. This memorandum argues for the dismissal of: all counts against the Missouri State Highway Patrol, the official capacity claims against Hoffman, and Count IV against Hoffman.

**II.   Standard of Review**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989)).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted). Furthermore, "the tenet that a court must accept as true all of the allegations

2

contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

**III. Argument**

Plaintiff's state law claims against the Missouri State Highway Patrol are barred by sovereign immunity. Likewise, the state law claims against Hoffman in his official capacity are barred by sovereign immunity. Additionally, Count IV against Hoffman should be dismissed because Plaintiff failed to state a claim for a First Amendment violation.

**A. Plaintiff's state law claims against Missouri State Highway Patrol are barred by sovereign immunity.**

Plaintiff's state law claims against the Missouri State Highway Patrol in Counts V, VI, and VII are barred by sovereign immunity. Section 537.600 of the Revised Missouri Statutes provides that public entities have sovereign immunity as it existed at common law prior to September 12, 1977, unless that immunity is waived, abrogated, or modified by statute. *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. App. E.D. 2009). The State has waived its immunity in tort claims arising from the negligent operation of

3

motor vehicles by public employees and from the dangerous condition of a public entity's property, or where the entity has purchased liability insurance. *Laschober v. City of Kinloch*, 328 S.W.3d 723, 725 (Mo. App. E.D. 2010) (citing §§ 537.600 and 537.610, RSMo (2000)); *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985). Courts must strictly construe the statutory provisions waiving sovereign immunity. *McNeill Trucking Co., Inc. v. MHTC*, 35 S.W.3d 846, 848 (Mo. banc 2001).

The Department of Public Safety is a state executive department created pursuant to Article IV, Section 48 of the Missouri Constitution. MO. CONST. art. IV, § 48. The Missouri State Highway Patrol is a division within the Department of Public Safety that was enacted to "enforce the traffic laws and promote safety upon the highways." *See* § 43.020-43.025.1, RSMo (2000). As a state entity, the Missouri State Highway Patrol is entitled to sovereign immunity as provided in § 537.600, RSMo. *See Bryan v. Pogue*, 18 S.W.3d 529, 530-31 (Mo. App. W.D. 2000) (Missouri Highway Patrol is an agency of the State and is entitled to sovereign immunity).

Claims for assault, battery, and civil conspiracy are all intentional torts. *Intermed Ins. Co. v. Hill*, 367 S.W.3d 84, 89 (Mo. App. S.D. 2012); *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. App. E.D. 2008). "Intentional torts have consistently been found to fall within the shield of sovereign immunity." *Mitchell v. Village of Edmundson*, 891 S.W.2d 848, 850

4

(Mo. App. E.D. 1995). Here, Plaintiff has not pled an exception to sovereign immunity. Consequently, Plaintiff's state law claims against the Missouri State Highway Patrol in Counts V, VI, and VII are barred by sovereign immunity.

### B. The state law claims against Hoffman in his official capacity are also barred by sovereign immunity.

To the extent that Plaintiff is seeking relief against Hoffman in his official capacity in Counts V, VI, and VII, these claims are duplicative of the claims against the Missouri State Highway Patrol and are barred by sovereign immunity. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). As discussed above, the claims against the Missouri State Highway Patrol are barred by sovereign immunity. Accordingly, the claims against Hoffman in his official capacity Counts V, VI, and VII are barred by sovereign immunity and should be dismissed. *See Bryan*, 18 S.W.3d at 530-31.

### C. Count IV against Hoffman should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff failed to properly state a claim for a First Amendment violation in Count IV against Hoffman. In order to state a prima facie case

for retaliation in violation of the First Amendment, the plaintiff must allege: "(1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Plaintiff has failed to sufficiently allege all three required elements. With regard to protected activity, Plaintiff failed to allege that he was engaged in an activity that is protected by the First Amendment. While the First Amendment offers broad protections of free speech, not all speech is protected. *See U.S. v. Williams*, 690 F.3d 1056, 1061-62 (8th Cir. 2012) (non-protected speech includes: "(1) advocacy intended, and likely, to incite imminent lawless action, (2) obscenity, (3) defamation, (4) speech integral to criminal conduct, (5) so-called 'fighting words,' (6) child pornography, (7) fraud, (8) true threats, and (9) speech presenting some grave and imminent threat the government has the power to prevent."). Here, Plaintiff alleges that he made "verbal comments despite Officer Proctor's admonition not to do so" and that Proctor began to choke him in retaliation for "certain verbal comments made by Mr. Lacy and/or Mr. Lacy's lack of cooperation in staying seated upright in the wheelchair." Doc. 23 at 9, ¶¶ 60, 63. Plaintiff's "certain

6

verbal comments" have not been described with any specificity at all; therefore, Plaintiff has failed to allege facts showing that he was engaged in a protected activity. *Contra Santiago v. Blair*, 707 F.3d at 991 (the filing of a prison grievance or inmate lawsuit is protected activity); *Schroeder v. City of Byrnes Mill*, No. 4:07CV1661SNLJ, 2009 WL 1176295, at *4 (E.D. Mo. May 1, 2009) (Plaintiff's verbal challenge to a police officer during a traffic stop about whether or not plaintiff committed a violation is a criticism of a public official and is a protected activity).

While inherently expressive conduct, such as the burning of the American flag and draft cards and marching in a parade, "warrant[s] constitutional scrutiny," a lack of cooperation by not staying seated upright in a wheelchair during an arrest is not a protected activity. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1021 (8th Cir. 2012) (smoking outside is not an expressive act protected by the First Amendment); *Bernini v. City of St. Paul*, 665 F.3d 997, 1007 (8th Cir. 2012) (Protesters who "moved toward the police in a threatening manner and began to block traffic along a major roadway" were not engaged in protected speech because a reasonable officer could conclude that their conduct violated state law.). Accordingly, Plaintiff has not alleged any speech or expressive conduct that amounts to a protected activity.

With regard to Hoffman, Plaintiff has not alleged any adverse action taken by Hoffman that would chill a person from continuing in the protected activity. "A defendant will not be held liable under § 1983 unless he was personally involved in causing the deprivation of a constitutional right." *Triplett v. Azordegan*, 570 F.2d 819, 823 (8th Cir. 1978). Here, Plaintiff alleges that Hoffman assisted in the wheeling of Plaintiff out of the casino while defendant Proctor choked Plaintiff in an attempt to stifle Plaintiff's speech. Doc. 23 at 20. Plaintiff does not allege any specific conduct by Hoffman that amounts to a deprivation of Plaintiff's free speech. Accordingly, Plaintiff has failed to satisfy the second element and has not alleged sufficient personal involvement by Hoffman in the alleged constitutional violation.

With regard to causation, Plaintiff has failed to sufficiently allege a causal connection. "Under the third prong of a retaliation claim, the plaintiff needs to present evidence of a causal connection between the constitutionally protected activity and the adverse action." *Revels*, 382 F.3d at 876. In *Revels*, the Court found that plaintiff had not presented evidence of a causal connection where he failed to show retaliatory motive and plaintiff's own conduct may have caused his denial of privileges. *Id.* Similarly, Plaintiff has not alleged a retaliatory motive by Hoffman and readily admits that he was not cooperating while being wheeled out of the casino. *See* Doc. 23 at 9, ¶ 63.

As a result, Plaintiff has failed to allege a causal connection and Count IV must be dismissed.

## IV. Conclusion

WHEREFORE, Defendants Missouri State Highway Patrol and Sergeant Philip Hoffman respectfully request that this Court dismiss the claims against them and award them any additional relief deemed just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ Karin A. Schute*
Karin A. Schute, #62019MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
(314) 340-7861
(314) 340-7029 (fax)
*Attorney for Defendants Missouri State Highway Patrol and Sergeant Philip Hoffman*

## CERTIFICATE OF SERVICE

I certify that on this 7 day of May, 2013, I electronically filed the foregoing with the clerk of this Court by using the CM/ECF system, to be served by operation of the Court's electronic filing system, to the following:

Mr. Jeremy A. Gogel
4245 West Pine Boulevard
St. Louis, MO 63108

Mr. Todd A. Mandel
4245 West Pine Boulevard
St. Louis, MO 63108
*Attorneys for Plaintiff*

Mr. Phillip Sholtz
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Suite 200
St. Louis, MO  63188
*Attorney for Defendants Francis Slay, Jr., Bettye Battle-Turner, Richard Gray, Erwin Switzer, and Thomas Irwin*

Mr. James Foster, Jr.
Mr. Rex Fennessey
2730 North Ballas Road, Suite 200
St. Louis, MO 63131
*Attorneys for Defendants Casino One Corp. d/b/a Lumiere Place Casino and Hotels and Charles Mellor*

                              */s/ Karin A. Schute*
                              Assistant Attorney General